ELECTRONICALLY FILED
Aug 18 2023
U.S. DISTRICT COURT
Northern District of WV

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CODY KROLL,**
    Plaintiff,

v.      CIVIL ACTION NO: 3:23-CV-192
     JUDGE: Groh

**WILLIAM SHEPPARD, individually and as
an employee of the TOWN OF RIDGELEY, and**

**THE TOWN OF RIDGELEY, WV.**
    Defendants.

## COMPLAINT

### PARTIES

1. Plaintiff Cody Kroll is at all relevant times a resident of Maryland.

2. Defendant William Sheppard is a resident of West Virginia.

3. Defendant Town of Ridgeley is a town in West Virginia.

4. At all times relevant to this action, the Defendants engaged in substantial and ongoing business activities in the state of West Virginia.

5. Plaintiff performed substantial job duties for the Defendants' benefit giving rise to this action in the state of West Virginia.

### VENUE AND JURISDICTION

6. Jurisdiction is appropriately vested in this Court pursuant to 28 U.S.C. 1331 as the subject matter arises as federal question under the Fourteenth Amendment to the United

States Constitution. Supplemental jurisdiction is also appropriate pursuant to 28 U.S.C. 1367 as such state law claims share operable facts to this Federal controversy. Diversity Jurisdiction is also appropriate pursuant to 28 U.S.C. 1332 as the parties are diverse and the amount in controversy exceeds $75,000.00.

7. Venue is appropriately vested in this Court, as the cause of action that gives rise to this Complaint occurred in Mineral County, West Virginia.

## FACTS

8. Mr. Kroll was hired by the Defendants as the town of Ridgeley chief of police on or about November 16, 2020.
9. Mr. Kroll was tasked as chief of police to uphold and enforce the law both as an administrator and as a patrolling police officer.
10. At all relevant times, Mr. Kroll performed all duties expected of him as chief of police in a manner consistent with the expectations of a town such as Ridgeley, and in a manner that upheld the laws of West Virginia and the Town of Ridgeley.
11. Defendant William Sheppard is the mayor of Ridgeley (Mayor) and is an employee of the Town of Ridgeley (Town).
12. Defendant William Sheppard (Mayor) also is or holds himself out to be the police commissioner for the Town, even though there is no law in place that allows him as the police commissioner to make unilateral decisions.
13. The police commissioner for the Town of Ridgeley is the highest-ranking officer of the police department.

14. The Mayor, on several occasions, interfered with, obstructed, and hindered Mr. Kroll from performing his duties as the chief of police.

15. The Mayor ordered Mr. Kroll to stop and detain without reasonable suspicion, arrest, and entrap a personal adversary of the Mayor's for DUI.

16. For personal and non-official business reasons, the Mayor and a council member ordered Mr. Kroll to obtain names of vehicle owners through law enforcement databases.

17. A council member dictated to Mr. Kroll when and which cars should be stopped and cited.

18. The above acts are unlawful, under WV State Code §61-5-28 and are an abuse of authority that could jeopardize Mr. Kroll's career in law enforcement.

19. The Mayor and a council member instructed Mr. Kroll to assist them in furtherance of retaliation of a resident by using law enforcement data bases to obtain personal information.

20. Such acts are unlawful and are an abuse of authority that could jeopardize Mr. Kroll's career in law enforcement.

21. The Mayor, a town council member, and other town employees instructed Mr. Kroll to carry out other unlawful acts.

22. Such acts are unlawful, wasteful, and are an abuse of authority that could jeopardize Mr. Kroll's career in law enforcement.

23. Mr. Kroll refused to carry out any of the above mentioned unlawful and wasteful acts that he was instructed to perform and brought other unlawful and wasteful acts to the attention of the Defendants.

24. Such unlawful acts are against public policy of the state of West Virginia.

25. On or about August 18, 2021 Mr. Kroll's employment with the Town was terminated by the Mayor with no termination warnings or exigent circumstances given.

26. Mr. Kroll was not a probationary employee.

27. With information and belief, Mr. Kroll's termination was the result of accusations against him not following unlawful orders, policy rule violations, and reporting the Town's waste and unlawful actions.

28. Additionally, the Mayor informed Mr. Kroll that the reason for his termination was because he didn't like the way that Mr. Kroll communicated with him, because of where Mr. Kroll parked his police cruiser, and because he wasn't happy with Mr. Kroll's work.

29. The Mayor stated further that there were other issues as well but he did not want to discuss them then.

30. With information and belief, Mr. Kroll's termination was not the result of any budgetary, economy, or non-job related issues.

31. Mr. Kroll's former position was then filled by another police officer.

32. Mr. Kroll was an accused officer under WV State Code §8-14A.

33. Mr. Kroll had a Constitutionally protected right in his employment with the Town pursuant to *City of Huntington v Black*, as set forth in relevant part:
"We adopt the same line of reasoning applied by the United States Supreme Court in holding that the principles of due process mandate that a police officer subject to civil service protection must be afforded a pre-disciplinary hearing prior to discharge, suspension, or reduction in rank or pay notwithstanding the provisions of West Virginia Code § 8-14A-3 unless exigent circumstances preclude such a pre-disciplinary hearing". 187 W.Va. 675, 679. (W.Va. 1992).

34. Accused officers under WV State Code §8-14A are entitled to due process protections including a statutory hearing prior to any disciplinary actions taken.

35. WV State Code §8-14A-3, <u>Hearing</u> (also referred to as a "pre-termination hearing") sets forth in relevant part:

(a) Before taking any punitive action against an accused officer, the police or fire department shall give notice to the accused officer that he or she is entitled to a hearing on the issues by a hearing board or the applicable civil service commission. The notice shall state the time and place of the hearing and the issues involved and shall be delivered to the accused officer no later than ten days prior to the hearing.

(b) When a civil service accused officer faces a recommended punitive action of discharge, suspension or reduction in rank or pay, but before such punitive action is taken, a hearing board must be appointed and must afford the accused civil service officer a hearing conducted pursuant to the provisions of article fourteen, section twenty, or article fifteen, section twenty-five of this chapter: Provided, That the punitive action may be taken before the hearing board conducts the hearing if exigent circumstances exist which require it.

36. This would indicate that, unless exigent circumstances exist, Mr. Kroll should have been afforded a hearing before his employment was terminated.

37. Accused police officers are to be provided statutory hearing pursuant to WV State Code §8-14A-1-4(a-b) regardless of town designation as civil service or non-civil service status.

38. Therefore, any accused police officer is entitled to civil service protections including a hearing under WV State Code §8-14A.

39. When Mr. Kroll asked the Mayor why he was not given a statutory hearing the Mayor responded, "That's not the way in here".

40. Neither the Mayor nor the Town had ever indicated to Mr. Kroll that his position was being eliminated or that his job was in jeopardy.

41. Mr. Kroll believed and was given reason to believe that he would remain as the chief of police for the Town of Ridgeley for several years and remain there until his retirement.

42. With information and belief, the Defendants wrongfully reported to the WV Department of Homeland Security that Mr. Kroll was in violation of policy rules.

43. Mr. Kroll was never informed of what that violation was and was never provided by the Defendants any policy or procedures concerning such violations.

44. The violation provided to the WV Department of Homeland Security by the Town does not specifically reference what the violation was.

45. That violation is currently listed with the WV Department of Homeland Security and the Defendants have not updated that classification.

46. This wrongful reporting to the WV Department of Homeland Security has impacted Mr. Kroll's career in that he is unable to find similar police work in his field.

47. By reporting to an agency such ambiguous policy violations also labels Mr. Kroll as an accused police officer.

48. Defendant Town of Ridgeley has municipal liability for all actions of its employees including Mayor William Sheppard in his official capacity per 42 U.S.C. § 1983 and *Monell*.

## COUNT ONE: PURSUANT TO 42 U.S.C. § 1983 FOR VIOLATION OF DUE PROCESS UNDER THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION.

49. Mr. Kroll, incorporates by reference paragraphs 1-48.

50. The Defendants at all relevant times acted under the color of law.

51. Mr. Kroll, as a police officer in the State of West Virginia, is entitled to a hearing under **W.Va. State Code §8-14A *Et. Seq.*** prior to disciplinary action taken against him.

52. Mr. Kroll was not afforded a hearing prior to his employment being terminated.

53. Mr. Kroll has property and liberty interests in his employment that a hearing protects.

54. Deprivation of that hearing is a violation of the of Mr. Kroll's due process of law rights of the Fourteenth Amendment of the United States Constitution.

## COUNT TWO: VIOLATION OF DUE PROCESS UNDER THE WEST VIRGINIA CONSTITUTION

55. Mr. Kroll incorporates by reference paragraphs 1-54.

56. The Defendants at all relevant times acted under the color of law.

57. Mr. Kroll, as a police officer in the State of West Virginia, is entitled to a hearing under **W.Va. State Code §8-14A *Et. Seq.*** prior to disciplinary action taken against him.

58. Mr. Kroll was not afforded a hearing prior to his employment being terminated.

59. Mr. Kroll has property and liberty interests in his employment that a hearing protects.

60. Deprivation of that hearing is a violation of the of Mr. Kroll's due process of law rights of Article III § 10 of the West Virginia Constitution.

## COUNT THREE: VIOLATION OF W.VA. CODE §8-14A *ET. SEQ.*

61. Mr. Kroll incorporates by reference paragraphs 1-60.

62. Mr. Kroll, as an accused police officer in the State of West Virginia, was entitled to a hearing under **W.Va. State Code §8-14A *Et. Seq.*** prior to disciplinary action taken against him.

63. Mr. Kroll, was not afforded a hearing prior to his employment being terminated.

64. Because Mr. Kroll was denied a hearing under **W.Va. State Code §8-14A *Et. Seq.,*** he was unable to answer to allegations against him, unable to face his accusers, and unable to defend himself.

65. Because of the Defendants depriving Mr. Kroll of his statutory hearing, the Mr. Kroll's termination caused him to suffer past and future damages for which he should be compensated, including but not limited to, past and future wages and fringe benefits, economic loss, mental and emotional distress, annoyance, inconvenience, humiliation, harassment, attorney's fees, costs, and other general and specific damages.

## COUNT FOUR: WRONGFUL DISCHARGE IN VIOLATION OF SUBSTANTIAL PUBLIC POLICY

66. Mr. Kroll, incorporates by reference paragraphs 1-65.

67. The Town did retaliate against Mr. Kroll and did unlawfully and wrongfully terminate his employment due to his refusal to carry out the Town's orders of wrongful conduct, civil rights violations, and other bad acts.

68. If Mr. Kroll were to carry out such orders of wrongful conduct, civil rights violations, and other bad acts, he would at the very least be in violation of **WV State Code §61-5-28** as well as violating the United States Constitution.

69. It is against the public policy of the State of West Virginia for an employer to punish, retaliate against, or terminate an employee for refusing to carry out orders of wrongful conduct, civil rights violations, and other bad acts.

70. The Town's treatment of Mr. Kroll and his wrongful discharge contravened the substantial public policy of the State of West Virginia.

71. As a direct and proximate result of the forgoing acts, the Town and their contravention of substantial public policy, Mr. Kroll did suffer past and future damages for which he should be compensated, including but not limited to, past and future wages and fringe benefits, economic loss, mental and emotional distress, annoyance, inconvenience, humiliation, harassment, attorney's fees, costs, and other general and specific damages.

72. The acts of the Town, as described above were done willfully, wantonly, recklessly, and/or with actual malice towards Mr. Kroll, and/or with conscious recklessness and outrageous indifference towards health, safety, and welfare of others for which the defendant should be held liable for an award of punitive and/or exemplary damages to the plaintiff to punish the defendant for its conduct and/or to dissuade the defendant and others similarly situated from acting similarly in the future

## COUNT FIVE: VIOLATION OF WEST VIRGINIA CODE §6C-1 *ET SEQ.*- THE WHISTLEBLOWER LAW

73. Mr. Kroll incorporates by reference paragraphs 1-72.

74. Pursuant to **W.Va. Code § 6C-1-3-(a)**, "No employer may discharge, threaten, or otherwise discriminate or retaliate against an employee by changing the employee's compensation, terms, conditions, location, or privileges of employment because the employee, acting on his volition, or a person acting on behalf of under the direction of an employee, makes a good faith report, or is about to report, verbally or in writing to the employer or appropriate authority, an instance of wrongdoing or waste."

75. Pursuant to **W.Va. Code § 6C-1-4-(b)**, "An employee alleging a violation of this article must show by a preponderance of the evidence that, prior to the alleged reprisal, the employee, or person acting on behalf of or under the direction of the employee, had reported, or was about to report in good faith, verbally or in writing, an instance of wrongdoing or waste to the employer or an appropriate authority."

76. Mr. Kroll, was an "employee" of a "public body" as defined by **W.Va. Code §§ 6C-1-2(b),(e)**.

77. Mr. Kroll, made a "good faith report" pursuant to **W.Va. Code § 6C-1-2-(b)** insofar as he reported conduct defined by the **Act** as wrongdoing or waste which and said report was made without malice or consideration of personal benefit and regarded matters that he has reasonable cause to believe to be true.

78. The matters reported by Mr. Kroll, regarded matters of "wrongdoing" as defined by **W.Va. Code § 6C-1-2-(h)** insofar as the same regarded violations of law or ethics by the Town that were not of a merely technical or minimal nature of federal or state statute or regulation, of a political subdivision ordinance or regulation or of a code of conduct or ethics designed to protect the interest of the public or the employer.

79. The matters reported by Mr. Kroll, also regarded matters of "waste" as defined by **W.Va. Code § 6C-1-2-(f)** insofar as the same concerned an employer or employee's conduct or omissions that could have resulted in the loss of funds through lawsuits or litigation.

80. Mr. Kroll, is a "whistleblower" as defined by **W.Va. Code § 6C-1-2-(g)** insofar that he witnessed or has evidence of wrongdoing or waste while employed with a public body and made a good faith report of, or testifies to, the wrongdoing or waste, verbally or in writing, to his employer or to an agent of the employer with appropriate authority.

81. The reports of waste or wrongdoing were made by Mr. Kroll, as witnessed by him and/or on behalf of other town employees, were made to an "appropriate authority" as defined by **W.Va. Code § 6C-1-2-(a),** to the extent that he made the same to the defendant, Town of Ridgeley, the mayor, and any supervisory employees.

82. The acts of the defendant, the Town, and its wrongful discharge of the Mr. Kroll, are in violation of *West Virginia Whistle-Blower Law* **W.Va. Code § 6C-1-1,** *et. seq*.

83. Pursuant to **W.Va. Code § 6C-1-4-(a)**, "A person who alleges that he or she is a victim of a violation of this article may bring a civil action in a court of competent jurisdiction for appropriate injunctive relief or damages, or both within two years after the occurrence of the alleged violation".

84. The acts of the defendant Town, in violation of the **Act** did proximately cause the Mr. Kroll, to suffer past and future damages that he should be compensated, including but not limited to, past and future lost wages and fringe benefits, economic loss, mental and emotional distress, annoyance, inconvenience, humiliation, embarrassment, attorney's fees, costs, and other general and special damages that he may be entitled to pursuant to **W.Va. Code § 6C-1-5** and/or common law.

85. The acts of the defendant, Town, as described above were done willfully, wantonly, recklessly, and/or with malice towards the plaintiff, and/or with conscious, reckless, and outrageous indifference to the health, safety, and welfare of others for which the defendant should be held liable for an award of punitive and/or exemplary damages to the plaintiff to punish the defendant for its conduct and/or dissuade the defendant and others similarly situated from acting similarly in the future.

## COUNT SIX-DEFAMATION

86. Mr. Kroll incorporates by reference paragraphs 1-85.

87. The Defendants maliciously and falsely reported to the WV Department of Homeland Security that Mr. Kroll is in violation of policy rules.

88. That report was published to and continuously appears on the WV Department of Homeland Security's law enforcement officer status website.

89. The report to the WV Department of Homeland Security was intentional.

90. In the alternative, the Defendants had a duty to accurately report and in the event of a reporting error, update Mr. Kroll's status to the WV Department of Homeland Security.

91. The Defendants breached that duty.

92. The false report has proximately caused Mr. Kroll to lose potential job opportunities and it has damaged his professional reputation.

## COUNT SEVEN: 42 U.S.C. § 1988- ATTORNEY'S FEES

93. Mr. Kroll incorporates by reference paragraphs 1-92.

94. Pursuant to **42 U.S.C. § 1988**, prevailing plaintiffs in an action under **42 U.S.C. § 1983** are entitled to judgment against the defendants for the amount of attorneys' fees incurred by the plaintiff in pursuing the action.

95. The Plaintiff, Cody Kroll, has incurred attorney's fees in his pursuit of his claims under **42 U.S.C. § 1983**.

96. The Defendants are liable to the Mr. Kroll for the attorney's fees that he has incurred in pursuit of his claims under **42 U.S.C. § 1983**, in an amount to be proven at trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that he be awarded judgement against the Defendants for the following:

a) Compensatory damages above $150,000 to be determined by a jury;
b) pre-judgement and post judgement interest as allowed by law;
c) punitive damages;
d) attorney's fees, costs, and expenses incurred with this action; and
e) such other and further relief that the Court deems just and appropriate under the circumstances.

## PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE

**Cody Kroll**
**Plaintiff,**
**By Counsel:**


**/s/ Matthew P Crimmel Esq.**

Matthew P. Crimmel Esq. (WV bar number: 13106)
Matthew P. Crimmel Esq. Attorney at Law PLLC
1042 Greystone Circle
Morgantown, WV 26508
(800) 982 8660