IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**CODY KROLL,**

    Plaintiff,

v.                                                    CIVIL ACTION NO.: 3:23-CV-192
                                                      (GROH)

**WILLIAM SHEPPARD,**
**individually and as an employee**
**of the Town of Ridgeley, and**
**THE TOWN OF RIDGELEY, WV,**

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING THE DEFENDANTS' MOTION TO DISMISS

Pending before the Court is the Defendants' Motion to Dismiss. ECF No. 7. The Plaintiff filed a response in opposition, and the Defendants filed a reply in support. ECF Nos. 10, 13. Accordingly, the matter is fully briefed and ripe for review. For the below reasons, the Defendants' Motion is granted.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

On August 18, 2023, Cody Kroll ("the Plaintiff") filed a complaint alleging seven causes of action against the Defendants. ECF No. 1. The claims therein arise out of the Plaintiff's employment and termination from his position as chief of police for the town of Ridgeley, West Virginia ("the Town").

According to the Complaint, the Plaintiff was hired by the Defendants to be the chief of police for the Town on November 16, 2020. ECF No. 1 ¶ 8. Thereafter, the Plaintiff contends Defendant Sheppard, the Town's mayor, "interfered with, obstructed, and hindered [the Plaintiff] from performing his duties as the chief of police." Id. ¶ 14. In support, the Plaintiff alleges Defendant Sheppard ordered the Plaintiff "to stop and detain without reasonable suspicion, arrest, and entrap a personal adversary of [Defendant Sheppard's] for DUI." Id. ¶ 15. Additionally, the Plaintiff asserts Defendant Sheppard and "a council member" ordered the Plaintiff "to obtain names of vehicle owners through law enforcement databases"; "dictated to [the Plaintiff] when and which cars should be stopped and cited"; and "to assist them in furtherance of retaliation of a resident by using law enforcement databases to obtain personal information." Id. ¶¶ 16–17, 19.

The Plaintiff further avers that despite being "given reason to believe that he would remain as the chief of police . . . until his retirement," his employment was ultimately terminated without a hearing on August 18, 2021. Id. ¶¶ 25, 41. The Plaintiff alleges his employment was terminated as "the result of accusations against him for not following [the above-described] unlawful orders, policy rule violations, and reporting the Town's waste and unlawful actions." Id. ¶ 27.

## II.     APPLICABLE LEGAL STANDARDS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Federal Rule of Civil Procedure 12(b)(6) allows a defendant to challenge the complaint's sufficiency in this regard by moving to dismiss a complaint for failing "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint

must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although the pleading standard under Rule 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Id. (quoting Twombly, 550 U.S. at 555, 557).

When reviewing a Rule 12(b)(6) motion, a court assumes the complaint's well-pleaded allegations are true, resolves all doubts and inferences in favor of the plaintiff, and views the allegations in a light most favorable to the plaintiff. Edwards v. City of Goldsboro, 178 F.3d 231, 243–44 (4th Cir. 1999). Only factual allegations receive the presumption of truth. Iqbal, 556 U.S. at 678–79. A court may also consider facts derived from sources beyond the four corners of the complaint, including documents attached to the complaint, documents attached to the motion to dismiss "so long as they are integral to the complaint and authentic," and facts subject to judicial notice under Federal Rule of Evidence 201. Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

### III.  DISCUSSION

In the Complaint, the Plaintiff asserts seven causes of action against the Defendants. Counts One and Two allege the Plaintiff was entitled to a pre-termination hearing under West Virginia Code § 8-14A et seq., and by terminating the Plaintiff's employment without such a hearing, the Defendants violated the Plaintiff's due process rights under the United States and West Virginia Constitutions, respectively. Id. at 7.

Count Three states being terminated without a hearing entitles the Plaintiff to damages. Id. at 7–8. Count Four asserts the Plaintiff was wrongfully discharged in violation of substantial public policy. Id. at 8–9. Count Five contends the Plaintiff was a "whistleblower," and consequently, his termination violated West Virginia Code § 6C-1-3 ("the Whistleblower Act"). Id. at 10–12. Count Six proffers the Defendants defamed the Plaintiff by "maliciously and falsely report[ing] to the WV Department of Homeland Security that [the Plaintiff] [was] in violation of policy rules." Id. at 12–13. Finally, Count Seven seeks attorney's fees. Id. at 13.

On January 2, 2024, the Defendants filed a Motion to Dismiss, arguing the Plaintiff's Complaint fails to state a claim upon which relief can be granted. ECF No. 7-1 at 1. The Plaintiff entered a response in opposition on January 14, 2024. ECF No. 10. The Defendants submitted a reply on January 31, 2024. ECF No. 13. For the following reasons, the Defendants' Motion is granted.

### A. Counts One through Three must be dismissed because the Plaintiff was not a "police officer" as defined by § 8-14A-1 and was therefore not entitled to a hearing.

The Defendants argue Counts One through Three fail as a matter of law because, among other reasons, the Plaintiff, as chief of police, was not a "police officer" under § 8-14A-1 and was therefore not entitled to a hearing. ECF No. 7-1 at 8, 12 (citing Minor v. City of Stonewood, 2014 WL 1672941, at *4 (W. Va. Apr. 25, 2014) (memorandum decision)). The Plaintiff responds § 8-14A-1 does not "define what a chief of police actually is," and "does not explicitly forbid a chief of police from enjoying a civil service hearing." ECF No. 10 at 4–5. In reply, the Defendants proffer "[t]he plain language of [§] 8-14A-1

*et seq.* provides no hearings for police chiefs[, and consequently, the] Plaintiff is not subject to a hearing." ECF No. 13 at 4.

The Court agrees with the Defendants. In Minor v. City of Stonewood, the Supreme Court of Appeals of West Virginia (the "SCAWV") found § 8-14A-1(6) "clearly excludes" the chief of police in a Class IV municipality from the definition of "police officer." 2014 WL 1672941, at *4. On that basis, the Minor court held the chief of police there "was not entitled to a hearing pursuant to West Virginia Code § 8-14A-1." Id. Thus, regardless of whether "the code section . . . explicitly forbid[s] a chief of police from enjoying a civil service hearing," ECF No. 10 at 4, binding case law does. Here, the Plaintiff fails to distinguish his claims from those in Minor. Indeed, "[i]t is undisputed that the Town of Ridgeley is a Class IV town," and there is no question the Plaintiff was the Town's chief of police. See ECF Nos. 1 ¶ 8, 10 at 7. Consequently, Minor is directly on point and controlling.

In sum, the Plaintiff was not a "police officer" as defined by § 8-14A-1 and was therefore not entitled to a hearing. Accordingly, Counts One through Three fail as a matter of law and must be dismissed.

### B. Count Four must be dismissed because the Plaintiff has failed to plead an actionable source of substantial public policy.

The Defendants argue Count Four fails as a matter of law because, among other reasons, the Plaintiff has failed to plead an actionable source of substantial public policy. ECF No. 7-1 at 19. Specifically, the Defendants contend the Plaintiff's reliance on West Virginia Code § 61-5-28 as a source of substantial public policy is insufficient because the SCAWV has not declared that statute to be such a source. Id. at 20 (citing Tritle v.

5

Crown Airways, Inc., 928 F.2d 81, 84–85 (4th Cir. 1990)). The Plaintiff responds § 61-5-28, which criminalizes failure to perform official duties, must necessarily be considered a source of substantial public policy. ECF No. 10 at 15. Specifically, the Plaintiff avers protecting an employer's ability to terminate "the employment of a law enforcement officer because [that officer] refuses to violate the law and Constitution which he is sworn to uphold is . . . clearly [] not a protection . . . any legislative body would have intended." Id.

The Court agrees with the Defendants. "[A] state [law] claim which has not been recognized by that jurisdiction's own courts constitutes a settled question of law, which will not be disturbed by [federal courts] absent the most compelling of circumstances." Tritle, 928 F.2d at 84–85 (declining to accept statutes as a source of substantial public policy where the SCAWV had not expressly done so). The Plaintiff does not cite any case where the SCAWV has held § 61-5-28 constitutes an actionable source of substantial public policy, but instead contends the West Virginia legislature would never have intended otherwise. Thus, the Court, bound by Tritle, declines to recognize a "novel theor[y] of substantial public policy absent a clear statement from the [SCAWV]." Frohnapfel v. ArcelorMittal Weirton LLC, 100 F. Supp. 3d 556, 563 (N.D. W. Va. 2015) (Bailey, J.) (citing Tritle, 928 F.2d at 84–85).

In sum, the Plaintiff has failed to plead an actionable source of substantial public policy. Accordingly, Count Four fails as a matter of law and must be dismissed.

## C. Count Six must be dismissed because the Plaintiff has failed to plead facts sufficient to establish actual malice.

The Defendants argue Count Six fails because, among other reasons, the Plaintiff is a public official who must allege and ultimately prove "actual malice" under New York Times Co. v. Sullivan. ECF No. 7-1 at 36 (citing Starr v. Beckley Newspapers Corp., 157 W. Va. 447, 447 (1974)); see also N.Y. Times Co. v. Sullivan, 376 U.S. 254 (1964). In the Defendants' view, Count Six is insufficient because "the facts alleged by [the] Plaintiff imply and demonstrate no malice." ECF No. 7-1 at 36. The Plaintiff responds, "it can be reasonably inferred from the pleadings that Defendant Sheppard acted with retribution [based on his] terminating [the Plaintiff's employment for his Whistleblower reports and for his refusal to violate substantial public policy." ECF No. 10 at 21.

The Court agrees with the Defendants. As a preliminary matter, the Plaintiff does not contest that he is a public official. See ECF No. 10 at 21. Therefore, and pursuant to Starr, the Court accepts as true that the Plaintiff is a public official, required to allege and ultimately prove actual malice. See Starr, 157 W. Va. at 447 (holding a "municipal police sergeant is a 'public official' . . . and must, therefore, allege and prove actual malice[.]").

As to whether the Plaintiff has pleaded facts sufficient to establish actual malice, the Court finds he has not. "The Supreme Court has been quite clear: '[a]ctual malice under the New York Times standard should not be confused with the concept of malice as an evil intent or a motive arising from spite or ill will.'" McCullough v. Gannett, Co., Inc., 2023 WL 3075940, at *14 (E.D. Va. Apr. 25, 2023) (quoting Masson v. New Yorker Mag., 501 U.S. 496, 510 (1991)). In contrast, "[a]ctual malice deals with a defamation

7

defendant's *knowledge* or recklessness about the falsity of its statements, *not the motivations undergirding publication*." Id. (latter emphasis added).

Consequently, it is inapposite whether the pleadings imply that Defendant Sheppard "acted with retribution." ECF No. 10 at 21. Rather, the Plaintiff must have pleaded facts sufficient to establish the Defendants' knowledge or recklessness about the falsity of the report. The Plaintiff did not do so. Instead, the Plaintiff simply asserted the Defendants made the report "maliciously and falsely." ECF No. 1 ¶ 87. However, "[t]his kind of conclusory allegation—a mere recitation of the legal standard—is precisely the sort of allegation[] that Twombly and Iqbal rejected." Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 376–77 (4th Cir. 2012). Therefore, this Court finds the Plaintiff's assertion to be "entirely insufficient." Id.

In sum, the Plaintiff has failed to plead facts sufficient to establish actual malice. Accordingly, Count Six fails as a matter of law and must be dismissed.

**D. All remaining claims against Defendant Sheppard must be dismissed because he is entitled to qualified immunity.**

The Defendants argue Defendant Sheppard is entitled to qualified immunity as to all claims because the "Plaintiff has failed to identify any particularized, clearly established law that [Defendant Sheppard] violated[.]" ECF No. 7-1 at 21–22. The Plaintiff responds he has adequately alleged Defendant Sheppard violated the Plaintiff's clearly established rights under the Whistleblower Act. See ECF No. 10 at 16–18. In reply, the Defendants aver the Plaintiff's allegations are too general and fail to "point to any particularized, clearly established law [to] demonstrate how [Defendant Sheppard's] alleged actions violate the [Whistleblower Act.]" ECF No. 13 at 26.

8

The Court agrees with the Defendants. The question of whether an action violated a clearly established law or right "generally turns on the 'objective legal reasonableness' of the action." Anderson v. Creighton, 483 U.S. 635, 640 (1987) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 819 (1982)). Whether a public official acted with "objective legal reasonableness" is "judged against the backdrop of the law at the time of the conduct." Brosseau v. Haugen, 543 U.S. 194, 198 (2004). "The animating principle here is one of fair notice." Safar v. Tingle, 859 F.3d 241, 246 (4th Cir. 2017). Public officials, "like private citizens, have a right to fair warning, [and qualified immunity] 'operates to ensure that before they are subjected to suit, [public officials] are on notice that their conduct is unlawful.'" Id. (quoting Hope v. Pelzer, 536 U.S. 730, 740 (2002)). Consequently, absent an "obvious case" of unlawful activity, a finding that a public official acted without "objective legal reasonableness" must be supported by existing precedent wherein a public official "acting under similar circumstances . . . was held to have" acted unlawfully. White v. Pauly, 580 U.S. 73, 79 (2017) (per curiam).

Here then, the Plaintiff's burden is to show, assuming the Plaintiff's factual allegations are true, Defendant Sheppard acted without "objective legal reasonableness,"—i.e., that Defendant Sheppard was on fair notice his alleged conduct was unlawful. Further, unless he has presented an "obvious case" of a Whistleblower Act violation, the Plaintiff cannot meet his burden absent existing precedent wherein a public official acting under similar circumstances to Defendant Sheppard was held to have acted unlawfully. Ultimately, the Court holds the Plaintiff has not met his burden.

First, the Court notes the Plaintiff has not cited any existing precedent wherein a public official acting under similar circumstances to Defendant Sheppard was held to have

acted unlawfully. Indeed, the Plaintiff's argument against qualified immunity cites no case law at all. See ECF No. 10 at 16–18. Therefore, the Plaintiff cannot meet his burden to show Defendant Sheppard acted without "objective legal reasonableness" unless he has presented an "obvious case" of a Whistleblower Act violation.

The Whistleblower Act protects an employee who "makes a good faith report, or is about to report, verbally or in writing, to the employer or appropriate authority, an instance of wrongdoing or waste." W. Va. Code § 6C-1-3-(a). Additionally, the Whistleblower Act defines wrongdoing as "a violation which is not of a merely technical or minimal nature of a federal or state statute or regulation, of a political subdivision ordinance or regulation or of a code of conduct or ethics designed to protect the interest of the public or the employer." W. Va. Code § 6C-1-2(h). Further, the Whistleblower Act defines waste as "conduct or omissions which result in substantial abuse, misuse, or destruction or loss of funds or resources belonging to or derived from federal, state or political subdivision sources." § 6C-1-2(f). Accordingly, an "obvious case" of a Whistleblower Act violation necessarily requires the employee to have reported conduct that clearly meets the statutory definition of wrongdoing and/or waste.

The Court finds the Plaintiff has not presented an "obvious case" of a Whistleblower Act violation. Specifically, the conduct allegedly reported by the Plaintiff does not clearly meet the statutory definitions of wrongdoing and/or waste. In the Complaint, the Plaintiff alleges he reported the following conduct: (1) Defendant Sheppard ordered the Plaintiff to stop, detain, and arrest an individual without reasonable suspicion, violating the First, Fourth, and Fourteenth Amendments [ECF No. 1 ¶ 15; ECF No. 10 at 17]; (2) Defendant Sheppard and "a council member" directed the Plaintiff to

aide them in retaliating against a resident by obtaining the names of vehicle owners "[f]or personal and non-official business reasons" [ECF No. 1 ¶¶ 16, 19]; and (3) "a council member" "dictated . . . when and which cars should be stopped and cited" [ECF No. 1 ¶ 17].

To be clear, the Plaintiff does assert Defendant Sheppard ordered the Plaintiff to arrest an individual "without reasonable suspicion" in violation of the United States Constitution. ECF No. 1 ¶ 15; ECF No. 10 at 17. However, that assertion is merely a legal conclusion, which the Court is not required to assume is true. See Dist. 28, United Mine Workers v. Wellmore Coal Corp., 609 F.2d 1083, 1085 (4th Cir. 1979) (finding bare allegation that companies acted under color of state law insufficient to survive a motion to dismiss in a § 1983 action). And the Plaintiff pleaded no facts to support that legal conclusion. Therefore, as pleaded, the conduct allegedly reported by the Plaintiff consists only of being directed to arrest a particular person for DUI, obtain the names of various vehicle owners, and stop certain cars—none of which *clearly* meets the statutory definitions of wrongdoing and/or waste.

As articulated above, the Whistleblower Act defines wrongdoing as a non-minimal violation of a regulation, ordinance, or code. It is not clear the conduct allegedly reported constituted such a violation. Rather, the conduct allegedly reported, even if questionable or objectionable, arguably falls squarely within Defendant Sheppard's statutory discretion to "control the police of the municipality." W. Va. Code § 8-10-1. For waste, the Whistleblower Act requires *substantial* abuse, misuse, or destruction of resources. Even assuming the conduct allegedly reported abused, misused, or destroyed resources, it is far from obvious it did so substantially. Thus, the conduct allegedly reported by the Plaintiff

does not clearly meet the statutory definitions of wrongdoing and/or waste. Therefore, the Court finds the Plaintiff has not presented an "obvious case" of a Whistleblower Act violation. Consequently, the Court holds the Plaintiff has failed to meet his burden to establish Defendant Sheppard acted without "objective legal reasonableness."

In sum, the Plaintiff has failed to show Defendant Sheppard violated a clearly established law. Accordingly, all remaining claims against Defendant Sheppard must be dismissed because he is entitled to qualified immunity.

### E. All claims against the Town must be dismissed because the Plaintiff has failed to plead facts sufficient to establish Monell liability.

The Defendants argue all claims against the Town fail because the Plaintiff has failed to plead facts sufficient to establish municipal liability under Monell. ECF No. 7-1 at 29 (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978)). The Plaintiff disagrees. See generally ECF No. 10 at 18.

The Court agrees with the Defendants. Municipal government entities cannot be held liable for the alleged actions of its employees under a theory of *Respondeat Superior*. See Monell, 436 U.S. at 691 (1978) ("Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort. In particular, we conclude that a municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id.

12

All § 1983 claims against municipalities have three elements: "(1) identifying the specific 'policy' or 'custom'; (2) fairly attributing the policy and fault for its creation to the municipality; and (3) finding the 'affirmative link' between [the] identified policy or custom and specific violation." Spell v. McDaniel, 824 F.2d 1380, 1389 (4th Cir. 1987) (citing City of Oklahoma City v. Tuttle, 471 U.S. 808, 821 (1985)). When a plaintiff alleges "nothing more than a municipality's adherence to an impermissible custom," the complaint must be dismissed. Owens v. Baltimore City State's Attorneys Office, 767 F.3d 379, 403 (4th Cir. 2014).

Section "1983 complaints which on critical elements of a claim merely recite legal conclusions wholly devoid of facts may properly be dismissed for insufficiency of statement." Revene v. Charles Cnty. Comm'rs, 882 F.2d 870, 875 (4th Cir. 1989) (quoting Strauss v. City of Chicago, 760 F.2d 765, 767 (7th Cir. 1985)). Further, "[a] single act of the type here alleged cannot suffice, standing alone, to establish the existence of such a policy." Id. (citing Tuttle, 471 U.S. at 823–24 (1985)).

In this matter, the Plaintiff has failed to adequately allege the existence of a policy or custom that satisfies the requirements of pleading a plausible Monell claim. First, he has failed to identify a policy or custom on the part of the Town. Instead, the Plaintiff alleges only acts by Defendant Sheppard, not consciously adopted policies or customs from among available alternatives. Second, the Plaintiff has failed to identify any other persons affected by this alleged policy. Therefore, the Plaintiff's assertion of municipal liability is insufficient. See Revene 882 F.2d at 875.

In sum, the Plaintiff has failed to plead facts sufficient to establish Monell liability. Accordingly, all claims against the Town fail as a matter of law and must be dismissed.

## IV. CONCLUSION

For all those reasons, the Defendants' Motion to Dismiss [ECF No. 7] is **GRANTED**. The Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITH PREJUDICE**. The Clerk of Court is **DIRECTED** to remove this civil action from the Court's active docket.

The Clerk is **FURTHER DIRECTED** to transmit copies of this Order to all counsel of record herein.

**DATED**: July 25, 2024

GINA M. GROH
UNITED STATES DISTRICT JUDGE